NSAHLAI LAW FIRM
EMMANUEL NSAHLAI, SBN (207588)
Email: nsahlai.e@nsahlailawfirm.com
3250 WILSHIRE BLVD, STE 1500
LOS ANGELES, CA 90010
Tel:   (213) 797-0369
Fax :  (213) 973-4617
Attorney for Plaintiff,
William Divine

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| William Divine, § <br>        Plaintiff, § <br> § <br>   vs. § <br> § <br> GLENCORE LTD, a foreign Corporation; § <br> and Does 1 through 100. § <br>        Defendants. § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **Case No.:** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Breach of Contract <br> 2. Breach of Fiduciary Duty <br> 3. Unjust enrichment <br> 4. Fraud <br><br> Filed: _____, 2018 <br> Hearing Date: _____, 2018 <br> Judge: Hon. _____ <br><br> **DEMAND FOR JURY TRIAL** |

-i-
Complaint for Damages                                        Case .No._____
*William Divine v. Glencore LTD*

On information and belief, Plaintiff, by their attorney, alleges as follows:

The Plaintiff, William Divine, (hereinafter the "Plaintiff or DII") as and for its Complaint for Damages against the Defendant GLENCORE PLC ("GLENCORE" or "Defendant"), Mogul Energy International Inc.; alleges as follows:

## INTRODUCTION

1. The Plaintiff, William Divine, was the sole shareholder and 100% owner of Concession International Inc., a Nevada Corporation, no longer in business and dissolved.

2. The Plaintiff and the Mogul Energy International Inc. ( hereinafter "Mogul") entered into a 'Contract for Consulting Services' herein after referred as "Contract", which is fully incorporated herein and attached hereto as **Exhibit "A"**.

3. Through its consulting services contract with Mogul, plaintiff provided to the afore-mentioned defendants proprietary, confidential, and other information regarding petroleum exploration and production information in Chad, a sub-saharan African country, and specifically regarding the Mangara/Badila Concession project, Doseo/Borogop Concessions project, DOH Concession. See, generally, **Exhibit "B"**.

4. Plaintiff was also due a one percent (1%) overriding royalty interest in any project it develops for Mogul or which Mogul acquire or participate in. **See Exhibits A.**

5. Defendants pursued block acquisition opportunities Mangara/Badila Concession project, Doseo/Borogop Concessions project, DOH Concession ( hereinafter "Chad blocks") in Chad through information provided by plaintiff.

6. Defendants later morphed into Griffiths Energy International Inc., including Griffiths Energy ( Chad ) Limited and Petro Chad which became a subsidiary of the former. **Exhibit "B".**

7. In January 2011, Griffiths Energy ( Chad ) Limited (hereinafter "Griffiths Chad") , entered into the Doseo/Borogop Production Sharing Contract with the Republic of Chad which

-2-
Complaint for Damages      Case .No._____
*William Divine v. Glencore LTD*

provided Griffiths Chad with the exclusive right to explore and develop oil and gas reserves and resources in the Borogop and Doseo blocks in Southern Chad. **Exhibit B.**

8.   Griffiths Energy International Inc. was acquired by defendant Glencore on or about September 2012. http://www.petroleumafrica.com/glencore-picks-up-stakes-in-griffiths-chad-blocks/.

9.   The Plaintiff is entitled for 1% Royalty/Success Fee for its successful developing the oil and gas exploration projects for the Defendants, currently ongoing.

10.   Plaintiff's efforts at seeking compensation for the oil and gas ongoing exploration have been met with refusals and futility for payments as per agreed consulting agreements.

**11.**   The Defendants have breached the terms of the Contract by refused to pay 1% Royalty/ Success Fee to the Plaintiff, as mutually agreed.

**12.**   Defendants also breach the non-circumvention clause of their agreements with plaintiff by creating successive entities intended to bypass plaintiff's interests in the afore-mentioned concessions Mangara/Badila Concession project, Doseo/Borogop Concessions project, DOH Concession, and selling same interests to defendant Glencore PLC.

**13.**   Defendants Mogul created successive entities to exploit these block acquisition opportunities in Chad and other countries, and these interests became ultimately acquired by defendants Glencore PLC. **Exhibit B**

[http://www.millerchevalier.com/portalresource/Spring2013_GriffithsAmendedStatmentofFacts ]

**BACKGROUND**

14.   The Plaintiff, William Divine, is engaged in the business of oil and gas exploration, with offices in Santa Monica, CA.

15.   Defendant Glencore is a privately held company organized under the laws of the United Kingdom and headquartered at 301 Tresser Boulevard, Stamford, CT, 06901. Glencore Xstrata plc's CEO Ivan Glasenberg is one of Glencore, Ltd.'s four directors. Arisotelis Mistakidis, a long-time Glencore senior executive in its metals trading business is another. As of March 22,

-3-
Complaint for Damages                                Case .No._____
*William Divine v. Glencore LTD*

2013, Messer's Glasenberg and Mistakidis were reported by Glencore to own more than 20% of the company's shares.

16. GLENCORE is an international oil and gas exploration and production company with interests in producing and prospective properties around the world.

17. GLENCORE's industrial and marketing activities are supported by a global network of more than 90 offices located in over 50 countries.

18. GLENCORE is one of the world's largest global diversified natural resource companies and a major producer and marketer of more than 90 commodities. GLENCORE's operations comprise of over 150 mining and metallurgical sites, oil production assets and agricultural facilities.

19. GLENCORE is an integrated oil producer and supplier. GLENCORE market crude oil and oil products globally and market natural gas mainly in Europe. GLENCORE handle the physical supply of around 3% of the world's daily oil consumption. GLENCORE's oil business is supported by a wide range of logistics, freight and storage facilities. GLENCORE have secured access to exploration acreage onshore and offshore of West Africa, where significant oil and gas reserves have been discovered. GLENCORE's oil and gas marketing activities are handled primarily by GLENCORE's offices in London, Stamford and Singapore.

20. **AGENTS AND CO-CONSPIRATORS** Other entities and individuals unknown to Plaintiff at this time participated as co-conspirators and performed acts in furtherance of the conspiracy. Whenever reference is made to any act, deed, or transaction of any corporation or partnership, the allegation means that the corporation or partnership engaged in the act, deed or transaction by or through its officers, directors, agents, employees, representatives, parent, predecessors or successors-in-interest while they were actually engaged in the management, direction, control or transaction of business or affairs of the corporation or partnership.

**JURISDICTION AND VENUE**

21. The Court has jurisdiction over this case under 28 U.S.C. §1332 (diversity jurisdiction).

22. Plaintiff and Defendant are citizen of states and Subject of a foreign state and the damages sought by this Complaint exceed the jurisdictional minimum for this Court.

23. Venue is proper in this District pursuant to 15 U.S.C. §§ 15(a) & 22 and 28 U.S.C. § 1391(b), (c) and (d), because during the relevant Period, defendant's transacted business, were found, or had agents in this District, and a substantial portion of the alleged activity affected interstate trade and commerce in this District.

24. Defendants' conduct was within the flow of, was intended to, and did, in fact, have a substantial effect on the interstate commerce of the United States, including in this District.

25. This Court has personal jurisdiction over each Defendant, because each Defendant transacted business, maintained substantial contacts, is located and/or they or their coconspirators committed overt acts in furtherance of their illegal conspiracy, in the United States, including in this District. The scheme was directed at, and had the intended effect of, causing injury to persons residing in, located in, or doing business in the United States, including in this District.

**PARTIES**

26. The Plaintiff, William Divine, is an individual, residing and conducting business in Los Angeles County, State of California.

27. **Glencore, Ltd.:** Defendant Glencore, Ltd. is a wholly owned subsidiary of Glencore plc (f/k/a Glencore Xstrata, plc), and is located at 301 Tresser Boulevard, Stamford, Connecticut 06901. Glencore's CEO Ivan Glasenberg is one of Glencore, Ltd.'s four directors. Aristotelis Mistakidis, a long-time Glencore senior executive in its metals trading business, is another. As of March 22, 2013, Glasenberg and Mistakidis were reported by Glencore to own more than 20% of the company's shares.

28. Glencore, plc (and its predecessor Glencore International, PLC, collectively, "Glencore") is a public limited company organized under the laws of the United Kingdom and headquartered at Baarermattstrasse 3, CH-6340 Baar, Switzerland. Glencore is a commodities trading and mining company that engages in the production, storage, transportation, marketing, or trading of aluminum and other metals as well as trading derivative products that derive their value from the underlying asset prices of aluminum. Glencore has been the owner of Pacorini USA, Pacorini AG, and Pacorini BV since September 2010.

29. Glencore is active around the world and in the United States. On its own website, found at www.glencore.com, Glencore holds itself out as an integrated global enterprise that both trades and warehouses aluminum in, and with effect on, the United States, including in New York, Michigan, and California. It holds itself out as "one of the world's largest diversified natural resource companies and a major producer and marketer of more than 90 commodities." The website treats "Glencore" as a unitary global operation, offering no differentiation between "Glencore" and "Glencore plc." In html viewing mode, the upper left-hand corner of each page of the website depicts the word "GLENCORE" and the bottom left corner depicts the indication "© GLENCORE 2014." The "Contact Us" page makes clear that the "Glencore" referred to throughout the website is, in fact, defendant Glencore plc, located in Baar, Switzerland.

30. The first numbered page of Glencore's 2013 Annual Report, which is available as a download from the Glencore website, describes Glencore in these words:

> *We are a leading integrated producer and marketer of commodities, with worldwide activities in the marketing of metals and minerals, energy products and agricultural products and the production, refinement, processing, storage and transport of those products.*
>
> *We operate globally. We market and distribute physical commodities sourced from third party producers as well as our own production to industrial consumers, such as those in the automotive, steel, power generation, oil and food processing industries. We also provide financing, logistics and other services to producers and consumers of commodities.*

Substantially the same information appears on page 4 of the Annual Report. 63.

31.  In the Global Operations section of its website, Glencore touts that "[w]ith a strong footprint in both established and emerging regions for natural resources, our industrial and marketing activities are supported by a global network of more than 90 offices located in over 50 countries." Glencore website users are encouraged to "[f]ind out more about our operations, and see where our business operates using this interactive map." Using the filter available on the Glencore Global Operations interactive map, one can view North American operations at no fewer than 12 sites, including in California and Michigan. Also, by using the filter available on the Glencore Global Operations interactive map, one can view three general "offices" in the United States, in Pittsburgh, Baltimore, and Clarksville. Finally, using the filter available on the interactive map to select only Pacorini Metals warehousing assets results in a depiction of seven U.S. Pacorini sites, including locations in Detroit, Michigan and in Los Angeles, California. The unfiltered Global Operations map draws no distinction between Glencore's U.S. operations and its operations in other parts of the world.

32. Glencore maintains a recruiting website page that covers much of the world and many of its subsidiaries, including the United States. Glencore actively recruit for positions in the United States.

33. Glencore acknowledges the value inherent in being the unified business enterprise it is. Glencore's CEO, Ivan Glasenberg, recently remarked "'We're different from our peers. We have the trading part of the business [. . .] it gives us an edge on our competitors. It is the trading business that allows the company to have such a close eye on commodity prices."[1] (Glencore Q4 2013 Earnings Call, SeekingAlpha, (March 4, 2014), http://seekingalpha.com/article/2066573-glencore-xstratas-ceo-discusses-q4-2013-resultsearnings-call-transcript?part=single (last visited Oct. 15, 2014) (quoting Ivan Glasenberg, CEO of Glencore).

-7-
Complaint for Damages                           Case .No._____
*William Divine v. Glencore LTD*

34. Glencore is active in the United States. Glencore has no fewer than 24 subsidiaries in, or registered in, Delaware alone.[2] (*Id*. at 8 )Glencore holds two live registered U.S. Trademarks.[3] (*Id*. At 6) Glencore had 260 employees in the United States in May 2011.

35. Glencore has executive officers working directly in the United States, including Nicholas Wilson, whose LinkedIn page lists his position as former US Regional CFO of Glencore Xstrata plc and his location in that position as the greater New York area.[4] (See Public LinkedIn Profile of Nicholas J. Wilson, LinkedIn, http://www.linkedin.com/pub/nicholas-j-wilson/13/57/4b9 (last visited Oct. 15, 2014).

## STATEMENT OF FACTS

36. Defendants represents themselves as engaged in promotion, evaluation, acquisition, investments, exploration, development, production, sales, services and/or other business related to hydrocarbons.

37. The Defendant, GLENCORE is an international oil and gas producer, headquartered at Baarermattstrasse 3, CH-6340 Baar, Switzerland, with onshore and offshore operations positioned around the world.

38. Plaintiff's services are utilized by oil and gas companies during their planning and development phase of oil and gas projects.

39. The Plaintiff helps its clients to achieve world-class performance from their assets by providing expertise, novel methods and tools to realize their maximum potential.

40. The Plaintiff represents that a regular part of its business is to provide consulting services to public and private companies, insurance and financial cooperatives, parastatals, governments, foundations, trade organizations, etc. engaged in the international oil and gas industry, including such services as are requested by the Defendant.

-8-
Complaint for Damages        Case .No._____
*William Divine v. Glencore LTD*

41. The Plaintiff agreed to supply the services and perform the work described in the Contract (**Exhibit "A"**) utilizing the expertise, knowledge and full experience of its personnel to provide and identify oil and gas exploration opportunities for defendants.

42. The Defendants desired to retain the services of the Plaintiff for the purposes of performance of the service, such as, Checking on the availability of projects in the countries as Defendant directs; Identifying new ventures projects in various countries worldwide consisting of undeveloped fields, exploration prospects on open acreage or for potential farm-in & production fields available for acquisition; Any other services as Defendant directs.

43. The Plaintiff agreed to perform and complete all services and work in a professional and workmanlike manner by utilizing the minimum amount of time necessary to accomplish the requested tasks while achieving the desired results.

44. Pursuant to the Consulting Agreement in Exhibit A, plaintiff provided to defendants data on undeveloped discoveries in Chad that cover all the discoveries that defendant Glencore has under license currently.

45. As per the aforesaid Contract, the Plaintiff is entitled to have a one percent (1%) Success Fee/royalty interest in any project that it finds for the Defendant, and specifically for the discoveries given to on the data in Chad.

46. From the date of the initial agreement in Exhibit A in 2007, plaintiff pursued Chad blacks and made several trips there and signed an MOU with the Oil Ministry and did extensive work on the blocks employing many geologists ( Ernie Pratt and Art Hallaren) and legal help ( Jay Park ) in pursing the same blocks that Glencore has now.

47. In addition, plaintiff sought funding in Toronto, Canada, for Mogul, with Brad Griffiths promoting the Chad project to various fund managers.

48. As plaintiff sought funding, Mogul continued to fund office accommodations for Brad Griffiths, Naeem Tyab, with plaintiff in the same office.

49. Plaintiff subsequently requested that Gary Guidry become part of the project to acquire the blocks in Chad currently held by defendant Glencore, and showed Gary Guidry the data on the Chad blocks which he had showed defendant Mogul in 2007.

50. Plaintiff retained law firm Heenan Blakely to help them obtain the Chad blocks and assist his staff set up permanent residence in Chad to facilitate communications.

51. When plaintiff got the approval to get the Chad blocks, his associates formed Griffiths Energy and Petro Chad to secure the licenses.

52. Although Plaintiff has successfully provided proprietary and confidential and other information, unknowst to defendants, regarding Mangara/Badila Concession project, Doseo/Borogop Concessions project, DOH Concession, which defendants reaped the benefits or, or are currently exploiting, he was left high and dry by the new entities formed to secure the the licenses to these Chad blocks.

53. Defendants have refused to honor the continuing 1% overriding royalty fee, acquisition bonus, therefore, the Plaintiff files this complaint for damages as a result of the Breach of Contract, breach of fiduciary duty, fraud, unjust enrichment.

## GENERAL ALLEGATIONS

54. Plaintiff and Defendant entered into a 'Contract for Consulting Services', whereby Plaintiff is entitled to have a continuing one percent (1%) Royalty interest in any project that it develops for the Defendant.

55. At all times relevant herein, the Defendant knew or should have known that the Defendant is liable to pay 1% Royalty to the Plaintiff on its successful developing a project, as per the terms of the aforesaid Contract.

56. The Plaintiff has invested significant money, engaged useful resources and spent valuable time for the identification, assessment, of oil and gas exploration opportunities for defendants.

-10-
Complaint for Damages         Case .No._____
*William Divine v. Glencore LTD*

57. The Plaintiff has provided proprietary and confidential and other information, unknowst to defendants, regarding Mangara/Badila Concession project, Doseo/Borogop Concessions project, DOH Concession and demanded the 1% Success Fee/Royalty, as per the terms of the Contract, (Exhibit "A" and "B"). The Defendant has refused to pay the 1% Success Fee/Royalty, thereby Defendant breached the Contract and is liable for the damages caused to Plaintiff as a result of such breach.

58. The Plaintiff has fully complied with the terms of the Contract and performed its obligations under the Contract. The Defendant has refused to comply with the terms of the Contract, thereby Defendant breached the Contract, and is liable for the damages caused to the Plaintiff, as a result of such breach.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

59. The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

60. The Plaintiff has spent significant money, engaged useful resources, and spent valuable time for the development of the new project. The Plaintiff performed all obligations and conditions that it was required to perform under the Contract.

61. As per the terms of the Contract, the Plaintiff is entitled for 1% Success Fee/Royalty, and the Plaintiff demanded the same from the Defendant.

62. The Defendant knew or should have known that the Plaintiff is entitled for the 1% Success Fee/Royalty interests for successfully completing and developing the project.

63. The Defendant deliberately refused to pay the 1% Success Fee/Royalty to the Plaintiff.

64. The Defendant breached the Contract when the Defendant refused and failed to make payment of 1% Success Fee/Royalty to the Plaintiff, as agreed.

-11-
Complaint for Damages                    Case .No._____
*William Divine v. Glencore LTD*

65. The Defendant breached the Contract when the Defendant failed to perform its obligations under the Contract.

66. As a proximate cause of Defendant's breach, the Plaintiff has suffered and incurred damages, costs and expenses in an amount exceeding $100,000,000.00.

## SECOND CAUSE OF ACTION
**(Breach of Fiduciary Duty)**

67. The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 of the Complaint.

68. The relationship between the Plaintiff and the Defendant is fiduciary in nature. Defendant owes Plaintiff a duty to discharge its duties in good faith and with reasonable diligence. Further, as per the aforesaid Contract, the Plaintiff is entitled to have a one percent (1%) Success Fee/Royalty interest in any project that the Plaintiff develops for the Defendant.

69. The Defendant breached its fiduciary duty to the Plaintiff when it failed or refused to make the payment of one percent (1%) Success Fee/Royalty interest, despite its successful development of project.

70. As a proximate cause of Defendant's material breach of its fiduciary duty, the Plaintiff has suffered and incurred damages in an amount exceeding $100,000,000.

## THIRD CAUSE OF ACTION
**(Fraud)**

71. The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 61 of this Complaint.

72. The Plaintiff has spent significant money, engaged useful resources, and spent valuable time for the development of the new project. The Plaintiff performed all obligations and conditions that it was required to perform under the Contract.

73. As per the terms of the Contract, the Plaintiff is entitled for 1% Success Fee/Royalty, and the Plaintiff demanded the same from the Defendant.

74. The Defendant knew or should have known that the Plaintiff is entitled for the 1% Success Fee/Royalty interests for successfully completing and developing the project.

75. Instead, defendants Mogul and Guidry created successive entities Griffiths Energy International Inc., Griffiths Energy and Resources Inc., Caracal Energy, Griffiths Energey ( Chad ) Limited, to hide the exploitation of the concessions Mangara/Badila Concession project, Doseo/Borogop Concessions project, DOH Concession from defendant, and thus deprive defendant of its acquisition bonus and royalty payment.

76. Defendants Glencore PLC, in purchasing these rights, and during the course and performance of their due diligence, knew that these rights were obtained via confidential and proprietary information from plaintiff, with no payment made to plaintiff, and no subsequent royalty payment made be Defendants Glencore.

77. As a proximate cause of this fraud, defendants have suffered damages in excess of $100,000,000 USD.

## FOURTH CAUSE OF ACTION

### ( Unjust enrichment)

78. The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 68 of this Complaint.

79. The Plaintiff has spent significant money, engaged useful resources, and spent valuable time for the development of the new project. The Plaintiff performed all obligations and conditions that it was required to perform under the Contract.

80. As per the terms of the Contract, the Plaintiff is entitled for 1% Success Fee/Royalty, and the Plaintiff demanded the same from the Defendant.

81. The Defendant knew or should have known that the Plaintiff is entitled for the 1% Success Fee/Royalty interests for successfully completing and developing the project.

82. Instead, defendants Mogul and Guidry created successive entities Griffiths Energy International Inc., Griffiths Energy and Resources Inc., Caracal Energy, Griffiths Energey ( Chad )

Limited, to hide the exploitation of the concessions Mangara/Badila Concession project, Doseo/Borogop Concessions project, DOH Concession from defendant, and thus deprive defendant of its acquisition bonus and royalty payment.

83. Defendants Glencore PLC, in purchasing these rights, and during the course and performance of their due diligence, knew that these rights were obtained via confidential and proprietary information from plaintiff, with no payment made to plaintiff, and no subsequent royalty payment made be Defendants Glencore.

84. As a proximate cause of this unjust enrichment, defendants have suffered damages in excess of $100,000,000 USD.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on the issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests the Court to:

a. enter judgment in favor of the Plaintiff, on all counts of the Complaint for Plaintiff's damages in excess of one hundred million dollars ($100,000,000.00);

b. Award the Plaintiff compensatory damages of one hundred million dollars ($100,000,000.00);

c. Award the Plaintiff punitive damages in excess of one hundred million dollars ( 100,000,000).

d. Award Plaintiff the costs of suit including reasonable attorneys fees;

e. Enter a judgment in favor of the Plaintiff and order the Defendant for specific performance of the Contract; and

      f.    Award Plaintiff such other and further relief as the Court deems just and equitable under the circumstances.

Date: February 24, 2018                       Respectfully Submitted,

EMMANUEL NSAHLAI

By: _____
NSAHLAI LAW FIRM

EMMANUEL NSAHLAI, SBN (207588)
Email: nsahlai.e@nsahlailawfirm.com
3250 WILSHIRE BLVD, STE 1500
LOS ANGELES, CA 90010
Tel (213) 797-0369
Fax (213) 973-4617

Attorney for Plaintiff

-15-
Complaint for Damages                    Case .No._____
*William Divine v. Glencore LTD*

# PROOF OF SERVICE

I am over the age of and not a party to this action. I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 3250 WILSHIRE BLVD, STE 1500, LOS ANGELES, CA 90010.

On February 24, 2018, I served the foregoing document(s) described as: "**COMPLAINT FOR DAMAGES**" to the following parties:

Glencore LTD
Baarermattstrasse 3
CH-6340 Baar
Switzerland
Tel: +41 41 709 2000

Glencore LTD

**c/o THE PRENTICE-HALL CORPORATION SYSTEM, INC.**

301 TRESSER BLVD
STAMFORD CT 06901

[x ] (By U.S. Mail) I deposited such envelope in the mail at California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via messenger service to the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

DATED: February 24, 2018

_____/S/_____
JOHN FRANK MENANG

-16-

Proof of Service                                  Case .No._____
*William Divine. v. Glencore LTD*